UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAVIER ROBLES, D-1, <br> MIGUEL GARCIA, D-4, and <br> DAVID GARCIA, D-10, <br><br> Defendants. | Case No. 2:16-cr-20582 <br> Honorable Laurie J. Michelson |

**ORDER REGARDING DEFENDANTS' JOINT MOTION TO SUPPRESS AND DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS**

Defendants Javier Robles, Miguel Garcia, and David Garcia have been indicted for conspiring to traffic in controlled substances in violation of 21 U.S.C. §§ 841, 846. (*See* R. 110, PageID.349–350.) Robles and Miguel Garcia (but not David) have also been indicted for conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956(a), (h). (*See* R. 110, PageID.351.)

On the eve of trial, it came to light that some of the Government's evidence against the Defendants in this case might be derivative of certain Riverside County, California wiretaps. As reported by the media, the legality of these wiretaps have come into question. For instance, it has been reported that a Riverside County judge had, in a given year, "approved three times more taps than all of the federal judges in California combined." Brad Heath and Brett Kelman, *Justice Officials Fear Nation's Biggest Wiretap Operation May Not be Legal*, Nov. 11, 2015, *available at* https://www.usatoday.com/story/news/2015/11/11/dea-wiretap-operation-riverside-california/75484076/.

Defendants have thus moved to suppress evidence. Via joint motion, Robles and David Garcia argue that the wiretaps were unlawfully issued because (1) the assistant district attorney, as opposed to the statutorily-authorized district attorney, applied for the wiretaps and (2) the affidavits did not establish their necessity. (*See generally* R. 200.) Miguel Garcia, via his own motion to suppress, has joined Robles and David Garcia's motion. (R. 201, PageID.875.) (Miguel Garcia additionally argues that agents seized evidence on the basis of consent but, in fact, he did not consent. (R. 201, PageID.875.))

The government has responded to these motions. It makes several arguments. For one, it says, "Having now reviewed the relevant wiretap affidavits and orders, the government believes that they are valid." (R. 209, PageID.895.) For another, it says, "The judges in the Superior Court of Riverside County correctly found each of the affidavits satisfied Title III's 'necessity' requirement." (R. 209, PageID.899.) The government has also identified several pieces of evidence that it believes were derived from the Riverside County wiretaps, and acknowledges that before the motions were filed, "the government voluntarily agreed to not present this evidence out of an abundance of caution." (R. 209, PageID.903.) "However," the government adds, "given the time to research the issue, the government believes all of the information was lawfully obtained including that derived from Riverside wiretaps. Therefore, none of these pieces of evidence should be suppressed as the tree is healthy." (R. 209, PageID.903.)

Having conducted a preliminary review of the briefs, the Court believes that supplemental briefing is proper for the reasons explained next.

After it became apparent that some of the evidence the government intended to introduce at trial might have been derived from the Riverside County wiretaps, this Court held off the record and on the record conferences with all counsel. In these conferences, it was the government's

position (as it states in its brief) that while it had identified a few pieces of evidence that were derived from the wiretaps, it was amenable to not introducing that evidence at trial—and indicated it would not seek to introduce that evidence at trial. It appeared that the primary dispute would be whether the search warrant for David Garcia's home was tainted. The government's position was that even if the information from the Riverside County wiretaps was stripped from that warrant affidavit, there was still adequate probable cause for the warrant to issue. Thus, it was this Court's understanding that the motions to suppress would be focused on what evidence (aside from the evidence that the government had agreed not to introduce) was derivative of the Riverside County wiretaps. Instead, as discussed, the motions focus on the whether the wiretaps were lawfully issued. Or, to use the language from the government's brief, the briefing is focused on the "horse" but not the "cart."

Accordingly, the parties are to file supplemental briefs of no more than 10-pages. The briefs should answer this question: assuming without deciding that there were issues with the issuance of the Riverside County wiretaps, is there evidence derived from those wiretaps that should be excluded from the trial beyond the few pieces of evidence that the government previously stated it would not introduce at trial? Both Defendants' and the government's briefs are due by October 17, 2018 before 12:00 p.m.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 12, 2018, using the Court's ECF system.

                                                  s/William Barkholz
                                                  Case Manager